---

WILLIAM RENSING,                    1:17-cv-04130-NLH

              Petitioner,            **OPINION**

        v.

UNITED STATES OF AMERICA,

              Respondent.

---

**APPEARANCES**:

WILLIAM RENSING
63643-050
FEDERAL CORRECTIONAL COMPLEX
PO BOX 1000
PETERSBURG, VA 23804

        *Petitioner pro se*

DANIEL V. SHAPIRO
OFFICE OF THE U.S. ATTORNEY
DISTRICT OF NEW JERSEY
970 BROAD STREET
SUITE 700
NEWARK, NJ 07102

        *On behalf of Respondent*

**HILLMAN**, District Judge

    This matter comes before the Court on Petitioner William

Rensing's motion to vacate, set aside, or correct his criminal

sentence pursuant to 28 U.S.C. § 2255.  On December 6, 2012,

Petitioner pleaded guilty to one count of Distribution of Child

Pornography, 18 U.S.C. § 2252A(a)(2)(A) and (b)(1).  On May 23,

2013, the Honorable Jerome B. Simandle, U.S.D.J., sentenced Petitioner to a 210-month term of imprisonment, and a 10-year term of supervised release. (1:12-cr-00663-JBS.) Petitioner's conviction became final for purposes § 2255 on February 6, 2014 rendering any petition filed one year after date - February 6, 2015 - presumptively untimely.

On June 8, 2017, Petitioner filed his instant motion pursuant to § 2255(a).[1] Shortly thereafter Judge Simandle issued an Order to Show Cause, stating it appeared that Petitioner's application may be time-barred, but Judge Simandle wished to give Petitioner an opportunity to explain why he believed it was timely. (Docket No. 2.)

Judge Simandle explained in his Order:

> Petitioner Rensing pled guilty and was later sentenced before the undersigned on May 23, 2013. An appeal was taken and the appeal was denied by the U.S. Court of Appeals for the Third Circuit on November 8, 2013. No petition for certiorari was filed to the Supreme Court. The conviction thus became "final" when the 90-day period for seeking certiorari expired on or about February 6, 2014. The one-year limitation period [under § 2255] began to run on that date and it expired on February 6, 2015, about 28 months before this petition was filed on June 8, 2017 [citing § 2255(f), which provides for a one-year period of limitation in which to file this petition].[2]

---

[1] This matter was reassigned to this Court on August 7, 2019 after the passing of Judge Simandle.

[2] Section 2255(f) provides:

> (f) A 1-year period of limitation shall apply to a motion under this section. The limitation period shall run from

In the petition, petitioner raises two grounds. Ground One states:

Defendant's counsel of record failed to apprise the Court of or raise the argument that USSG 2G2.2 is flawed and should not have been applied. Counsel also failed to move the Court to order defendant undergo a complete psychological evaluation which would have ultimately affected the overall outcome of his criminal proceedings.

Ground Two asserts the following:

Prosecutor misrepresented plea agreement defendant was ultimately coerced into signing. Prosecutor also failed to show evidence of actual distribution and, instead, regaled the court with fanciful tales of what defendant "may have done". This enhancement/guideline application was inappropriate. Prosecution failed to provide a computer expert's testimony to show evidence of the crime for which defendant was sentenced (distribution).

---

the latest of—

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f).

In his Petition, Mr. Rensing is asked about the timeliness of the motion in Petition paragraph 18, which inquires: "If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion." In response to this section, Petitioner states the following: "New law was passed in late 2016 which goes to timeliness. Also, waiting for responses to appeals, as well as being in transit between BOP facilities prevented more timely filing of this motion."

The Court will require further explanation because the assertion of timeliness in paragraph 18 is insufficient. The Court is aware of no new law passed in 2016 which affects the issue of timeliness of a Section 2255 petition. Moreover, to be timely, the petitioner must explain how he was prevented from filing a timely petition before February 6, 2015 through June 8, 2017. By February 6, 2014, his appeals were over, and it does not make sense that he was "in transit between BOP facilities" during the entire time that has elapsed before filing his Petition.

(Docket No. 2 at 1–4.)

Judge Simandle provided Petitioner with 21 days to "state the factual basis for his claiming that this Petition was timely filed under the one-year limitation period of Section 2255." (Id. at 4.)

On June 30, 2017, Petitioner filed his response to the Order to Show Cause. (Docket No. 3.) Petitioner identifies the "new law" he refers to in his petition as "the 15 November 2016 Clarifying Amendment to U.S.S.G. 2G2.2(b)(3)(B) pertaining to distribution of child pornography." (Id. at 1.)

Because Petitioner is proceeding *pro se*, his petition is held to less stringent standards than those pleadings drafted by

4

lawyers.  <u>Rainey v. Varner</u>, 603 F.3d 189, 198 (3d Cir. 2010)

("It is the policy of the courts to give a liberal construction

to pro se habeas petitions.")  However, "[i]f it plainly appears

from the motion, any attached exhibits, and the record of prior

proceedings that the moving party is not entitled to relief, the

judge must dismiss the motion and direct the clerk to notify the

moving party."  28 U.S.C. § 2255 Rule 4(b).  This Court finds

that Petitioner's proffered basis for relief from § 2255(f)'s 1-

year limitations period is without merit.

"[Section] 2255 motions are the presumptive means by which

a federal prisoner can challenge a conviction or sentence that

allegedly is in violation of the Constitution or federal laws or

that is otherwise subject to collateral attack."  <u>Chambers v.</u>

<u>Romine</u>, 41 F. App'x 525, 526 (3d Cir. 2002) (citing <u>Davis v.</u>

<u>United States</u>, 417 U.S. 333, 343 (1974)).[3]

Under the Antiterrorism and Effective Death Penalty Act of

1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996), a

---

[3] "The only exception is when § 2255 proves 'inadequate or
ineffective' to test the legality of detention."  <u>Id.</u> (citing 28
U.S.C. § 2255; <u>Davis</u>, 417 U.S. at 343; <u>In re Dorsainvil</u>, 119
F.3d 245, 249 (3d Cir. 1997)).  "Section 2255 is not 'inadequate
or ineffective' merely because the sentencing court is
disinclined to grant relief (either because it finds the claim
raised to be without merit or because the one-year statute of
limitations has expired), or because a petitioner is unable to
meet the stringent gatekeeping requirements of the amended §
2255."  <u>Id.</u> (quoting <u>Cradle v. United States</u>, 290 F.3d 536, 539
(3d Cir. 2002)).

defendant in federal custody may file a motion collaterally
attacking his sentence based on certain specifically listed
grounds, namely (1) that the sentence was imposed in violation
of the Constitution or federal law, (2) that the court was
without jurisdiction to impose the sentence, (3) that the
sentence exceeded the maximum authorized by law, or (4) that the
sentence "is otherwise subject to collateral attack[.]"  28
U.S.C. § 2255(a).  A defendant is allowed only one such motion
as of right.  Id. § 2255(b),(h).  "To avoid making successive
claims, petitioners must marshal in one § 2255 writ all the
arguments they have to collaterally attack their convictions.
And in order to avoid being time barred, they must take care to
file this one all-inclusive petition within one year of the date
on which the judgment of conviction becomes final." United
States v. Miller, 197 F.3d 644, 649 (3d Cir. 1999).

It appears that Petitioner has moved for relief from §
2255's one-year statute of limitations based upon Amendment 801
to U.S.S.G. § 2G2.2(b)(3)(B), effective November 1, 2016.  It
appears that Petitioner requests that Amendment 801 be applied
retroactively to reduce his sentence, which was imposed under §
2G2.2(b)(3)(B).

Separate from a § 2255 petition, typically a motion for
sentence reduction based on a reduction in the applicable

guideline is governed by U.S.S.G. § 1B1.10 and 18 U.S.C. §
3582(c)(2). A defendant may obtain relief under § 3582(c)(2)
only if the amendment "is consistent with applicable policy
statements issued by the Sentencing Commission." 18 U.S.C. §
3582(c)(2) ("[I]n the case of a defendant who has been sentenced
to a term of imprisonment based on a sentencing range that has
subsequently been lowered by the Sentencing Commission pursuant
to 28 U.S.C. 994(o), upon motion of the defendant or the
Director of the Bureau of Prisons, or on its own motion, the
court may reduce the term of imprisonment, after considering the
factors set forth in section 3553(a) to the extent that they are
applicable, if such a reduction is consistent with applicable
policy statements issued by the Sentencing Commission.").

However, a reduction under § 3582(c)(2) is not authorized
unless an amendment reducing the applicable guidelines range is
among those listed in § 1B.10(d). United States v. Wise, 515
F.3d 207, 221 (3d Cir. 2008). Here, the amendment under which
Petitioner seeks relief is Amendment 801, but that amendment is
not covered under § 1B1.10(d). Therefore, Amendment 801 cannot
serve as the basis for reducing Petitioner's previously imposed
sentence. See, e.g., United States v. Handerhan, 789 F. App'x
924, 927 (3d Cir. 2019) ("Handerhan is not eligible for relief
under that provision because the Commission has not made

7

Amendment 801 retroactive for purposes of § 3582(c)(2) by listing it in U.S.S.G. § 1B1.10(d) (formerly § 1B1.10(c))." (citing <u>United States v. Wise</u>, 515 F.3d 207, 221 & n.11 (3d Cir. 2008); U.S.S.G. § 1B1.10(a)). In short, Amendment 801 provides no relief for Petitioner and therefore it cannot provide the basis to toll or restart § 2255's one year statute of limitations. Petitioner has failed to show that the one-year statute of limitations does not bar his § 2255 petition.[4]

As for Petitioner's other grounds for relief, Petitioner has not demonstrated that the one-year statute of limitations does not also bar those grounds for relief. As noted, Judge Simandle previously determined that Petitioner's claims that he was "waiting for responses to appeals, as well as being in transit between BOP facilities prevented more timely filing of this motion[]" were insufficient grounds to toll the one-year statute of limitations. That determination is the law of the case, and Petitioner has proffered no new or different facts to alter that holding. Accordingly, this Court finds Petitioner's additional grounds for relief to be time-barred as well.

Because the Court will dismiss Petitioner's § 2255 motion

---

[4] Similarly, if Petitioner had filed a motion for sentence reduction under U.S.S.G. § 1B1.10, such motion would be unavailing for the same reason.

as untimely, the Court must determine whether to issue a certificate of appealability ("COA").  A COA is a "jurisdictional prerequisite" to an appeal on the merits, and "the COA statute establishes procedural rules and requires a threshold inquiry into whether the circuit court may entertain an appeal."  U.S. v. Doe, 810 F.3d 132, 143 (3d Cir. 2015) (quoting Miller-El v. Cockrell, 537 U.S. 322, 336 (2003)).

Section 2253(c)(2) provides that "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  The Supreme Court has held:

> When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.

Slack v. McDaniels, 529 U.S. 473, 484 (2000).

This Court finds that jurists of reason would not find it debatable whether this Court was correct in its procedural ruling.  Consequently, the Court will decline to issue a certificate of appealability.

An appropriate Order will be entered.

Date:  February 14, 2020            s/ Noel L. Hillman
At Camden, New Jersey               NOEL L. HILLMAN, U.S.D.J.